### APPEAL OF SALO AUERBACH.

Docket Nc. 1976.   Submitted May 4, 1925.   Decided June 15, 1925.

1. Expenditures for a new roof and for repairing boilers, made immediately upon the purchase of a building, being permanent in nature, are capital items and may be added to the cost of taxpayer's original investment, though not included in his return or claimed before the Commissioner.

2. Costs of repairs to a building which are temporary and recurrent in nature, and of janitor service, water, coal, interest on indebtedness, and fire insurance premiums are deductible as necessary expenses.

*Eugene Bernstein, Esq.*, for the taxpayer.
*J. Arthur Adams, Esq.*, for the Commissioner.

Before GREEN, LANSDON, and LOVE.

This appeal is from a determination of a deficiency in income tax for the year 1921 in the sum of $786.70.

The only questions in issue in this appeal are:

(1) What was the cost price of a business property owned by the taxpayer and located in Chicago, Ill.?

(2) Whether or not an element alleged to have been a part of the original investment in said property, but not included in the listing in taxpayer's income-tax return, nor presented to the Commissioner for review, was, in fact, a part of said investment, and if so, may it now be considered by the Board?

(3) Whether or not certain items were proper deductible items of expense, and if so, amount of same?

It is alleged in the petition that in addition to the original cost of said building, as listed in taxpayer's return for the year 1921, he had to expend immediately after said purchase for additions and repairs the sum of $1,345, which amount, by inadvertence and oversight, was not included in his said return and never presented to the Commissioner for review, but which, in fact, brought the total investment in said property to the sum of $78,845 instead of $77,500, as listed by him in his said return and as presented to the Commissioner.

Taxpayer asks the Board to include now said additional sum of $1,345 as a part of the investment in said building.

FINDINGS OF FACT.

On February 28, 1921, taxpayer consummated a deal for and purchased a business property consisting of a theater, stores, and offices and lot, for which he paid in cash, and by the assumption of indebtedness secured by mortgage on the property, $77,500.

The value of the block of land, separate and apart from the building, was $15,000, leaving the original cost of the building $62,500.

In April, 1921, taxpayer expended in putting a new roof on said building the sum of $475, and for the patching and welding of the boiler $875, or a total of $1,345, which sum formed a part of the investment in said building never claimed by taxpayer in his return.

The taxpayer expended the following amounts for the items named as current and necessary expenses during the taxable year:

| | |
|---|---:|
| Repairing gutters on building_____ | $150. 00 |
| Repairing concrete around building_____ | 250. 00 |
| Decorating and painting_____ | 250. 00 |
| Janitor service _____ | 200. 00 |
| Water _____ | 110. 00 |
| Coal _____ | 1, 250. 00 |
| | 2, 210. 00 |
| Interest on indebtedness_____ | 1, 988. 18 |
| Premiums on fire insurance on building_____ | 214. 28 |
| | 4, 412. 46 |

DECISION.

The deficiency should be recomputed in accordance with the following opinion. Final determination will be made on consent or on 10 days' notice, under Rule 50.

OPINION.

LOVE: The expense of putting new roof on building and repair of boilers was of a permanent nature, and hence constituted a capital expenditure and should be allowed as such.

The items of repairing gutters on building, repairing concrete around building, and decorating and painting, being temporary and of frequent recurrence, were, as well as the items of janitor service, water, coal, interest, and premium on fire insurance, current necessary expense.