## Kauai Terminal, Limited, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 101805.    Promulgated August 11, 1942.

*R. A. Vitousek, Esq.*, for the petitioner.
*Arthur Murray, Esq.*, for the respondent.

TURNER: In denying the petitioner's claim at 36 B. T. A. 893, *supra*, that its outlay toward the construction of the new breakwater was an ordinary and necessary expense and therefore deductible in full in 1933, when made, we said:

> * * * The expenditure was one calculated to result in a long standing direct business advantage to the petitioner, the effect of which was not alone felt in the year when made but was to carry on indefinitely into the future. So far as the taxpayer was concerned, although it did not own the breakwater and had no tangible capital asset as a result of its expenditure, the benefit resulting from the expenditure was as desirable as if the breakwater had become its own (perhaps more so, since the Government was to carry the burden of maintenance) ; and this benefit was not only immediate but was to extend into the indefinite future. * * *

The petitioner contends here that its expenditures toward construction of the new breakwater were made for a benefit which was not to accrue to its business as a whole and "to carry on indefinitely into the future", but for a benefit which was expected to and did accrue solely to its lighterage business and would continue only so long as the lighterage business continued. Since it was anticipated that the lighterage business would end when the territorial wharf should be completed, it is claimed that the cost of the benefit should be amortized over the period from July 1935, when the breakwater was completed, to November 1939, when the wharf was completed. There is no claim that any deduction in respect of petitioner's outlay toward the construction of the breakwater should be made on any other basis. In keeping with the above mentioned contention, the petitioner now claims a deduction of $51,105.52 for 1937 as the ratable portion of its breakwater expenditures applicable to that year. The respondent denies that the benefit acquired was limited solely to the lighterage business. He takes the position that as a result of the construction of the new breakwater the petitioner acquired a benefit to its entire business which will continue so long as the petitioner continues its business at Port Allen.

If the petitioner is correct in its claim that the benefit flowing to its business from the new breakwater accrued solely to the lighterage business, it would appear that its claim of deduction is well founded and that it should be permitted to deduct the full amount of its contribution ratably over the period extending from the completion of the breakwater to the completion of the territorial wharf. In support of its claim that only the lighterage business was benefited, the petitioner relies on some more or less categorical statements to that effect by some of its officers who were called as witnesses and points to certain advantages accruing to the lighterage business from the

new breakwater and to the fact that the lighterage business, a substantial and profitable part of its entire business, did terminate with the completion of the wharf.

From the evidence, we think there is no doubt that a benefit did flow to the lighterage business from the new breakwater, but we think it equally obvious that the benefit therefrom was not limited to the lighterage business. The petitioner was one of if not the prime mover in procuring the construction of the breakwater by the United States Government and it contributed in money and property the entire amount required by the Government from the Island of Kauai toward the cost of constructing the breakwater. From a similar experience at Kahului on the Island of Maui, it knew that the construction of the wharf would follow in due course and that upon construction of the wharf its lighterage business would come to an end. It is true the company engineer and officials did not consider the building of the wharf practical until a second or west breakwater had been constructed, but that they were aware of a contrary view on the part of the army engineer in charge. Certain of petitioner's witnesses testified that they were of the view that the petitioner should be able to recover the amount of its outlay toward the cost of the new breakwater by continuing the lighterage and landing charges at its former rates during the interval between the completion of the breakwater and the completion of the wharf. The fact, however, that the wharf was built sooner than they had expected and that they may not have recovered the full amount of their outlay through additional profits in the lighterage business during the interval does not negative the accrual of benefits from the construction of the breakwater to petitioner's business generally. On the record here, we are wholly unable to reconcile the claim of the petitioner that only the lighterage business could be and was benefited by the construction of the new breakwater with the fact that petitioner was willing to and did promote the construction of the breakwater by the United States Government and contributed to the cost the entire amount required by the United States Government of the Island of Kauai, while knowing full well that the construction of the wharf would follow in due course and that its lighterage business would completely come to an end. It is most unlikely that petitioner would make such an expenditure solely for a benefit of such limited duration, knowing from past experience that through the expenditure it would in a limited time lose not only the benefit, but its lighterage business as well. The business fortunes of the petitioner are inextricably tied to the business fortunes of the Island of Kauai, and business and shipping advantages for the island mean advantages for petitioner's business. Port Allen is the principal port, and, except for the territorial terminal facilities after

completion of the wharf, all of the port facilities at Port Allen are still owned and operated by the petitioner. It is the agent on the island for many business interests, among which are the Standard Oil Co., Inter-Island Transportation Co., and the Matson Navigation Co. It ships and stores sugar and pineapples, receives and distributes general merchandise, owns and operates a lumber business, and transports by truck goods so received and shipped. On the facts shown, it is our opinion and we so conclude that in making the contribution to the cost of the new breakwater petitioner was making an investment and acquiring benefits not limited to its lighterage business alone, but an investment which was expected to bring benefits to its entire business for an indefinite time to come.

That the petitioner's officers, in making the outlay, did have in mind the acquisition of some benefit to the lighterage business, is in our opinion definite and clear. Furthermore, the record shows that the lighterage business, through the reduction of operating costs, was greatly benefited or enhanced by the breakwater during the period from July 1935 to November 1939. It is also apparent that whatever benefit accrued to the lighterage business from the construction of the new breakwater ended with the lighterage business. Petitioner is accordingly entitled to deduct ratably over the period from July 1935 to November 1939 that portion of its contribution toward the cost of the construction of the breakwater which is properly allocable to the lighterage business. No evidence has been offered, however, which affords a definite basis for the apportionment of said contribution, and it is incumbent on us under the circumstances to make as close an apportionment as we can, even though speculative and unsatisfactory. *Cohan* v. *Commissioner*, 39 Fed. (2d) 540. Giving due regard to the facts of record, it is our opinion and we conclude that one-fourth of petitioner's contribution toward the cost of the breakwater, or $55,364.54, is applicable to the expected benefits to the lighterage business and that the petitioner is entitled to deduct for 1937 a ratable portion thereof, or the amount of $12,776.38.

As we have previously noted, there is no claim by the petitioner that any deduction in respect of its outlay toward the construction of the new breakwater should be made on any basis other than that it was expended for a benefit accruing solely to the lighterage business. Furthermore, such facts as there are of record indicate that the benefit acquired and accruing to the business generally is indefinite as to duration and may well, as the respondent contends, continue so long as the petitioner continues its business at Port Allen. The petitioner is accordingly limited with respect to the deduction claimed to the ratable portion of the cost of the benefit applicable to the lighterage business.

*Decision will be entered under Rule 50.*