S. M. Howard and Georgia M. Howard, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Travis W. Ferguson and Janet Ferguson, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 90955, 90956. Filed February 21, 1963.

*Julia M. Reardon, Esq.*, for the petitioners.
*Sheldon Chertow, Esq.*, and *Emory L. Langdon, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The petitioners claim in their petitions and briefs that the payments in question were for business purposes. Howard testified that he made the payments to obtain "the right to practice in the hospital as a staff member" and that he would not have acquired that right had he not made the payments.[1] Ferguson, in his testimony, stated "there have been payments made in addition to the original payments that were staff assessments." There is considerable more evidence on the subject and the record as a whole clearly shows that the three payments in question were not charitable gifts, proceeding from a "detached and disinterested generosity" or "out of affection, respect, admiration, charity or like impulses" but instead proceeded from "the incentive of anticipated benefit." See quotes in *Commissioner* v. *Duberstein*, 363 U.S. 278, 285. It is not necessary to determine the status of the hospital at the time the payments were made.

Also the record shows that these payments were not ordinary and necessary expenses of the practice of osteopathy carried on by Howard or Ferguson in either 1958 or 1959. The hospital was not in use until July 1959 and the payments benefited these two men well beyond the tax years. Rather than distort income of either tax year by allowing such large deductions in those years the Commissioner has taken the reasonable position that these expenditures were of a capital nature and should be recovered through deductions over a longer period, beginning in 1959, while the benefits obtained by the payments will be reflected in the income of each payor. The total equal payments were clearly a condition precedent to the rights of Howard and Ferguson to practice their professions in the hospital. Similar payments were required of all other osteopaths who were permitted to practice in the hospital on an equal basis with Howard and Ferguson. Also through the payments they acquired the rights of voting members of the association.

The United States Court of Appeals for the 10th Circuit covered this situation well when it wrote in *United States* v. *Akin*, 248 F. 2d 742, 744, certiorari denied 355 U.S. 956:

It is not always easy to find a verbal formula which readily supplies an unerring guide in drawing the boundary line between current expenses and cap-

---

[1] One witness, a lawyer and secretary of the board of trustees, testified to the contrary but must have been the victim of a faulty memory since he, as secretary, made up and signed all of the minutes referred to in the Findings of Fact.

ital outlays. But it may be said in general terms that an expenditure should be treated as one in the nature of a capital outlay if it brings about the acquisition of an asset having a period of useful life in excess of one year or if it secures a like advantage to the taxpayer which has a life of more than one year. * * *

Here if Howard and Ferguson did not each acquire an asset with a life of far more than 1 year by the expenditures in question, it secured for them at least "a like advantage" which had a life of more than 1 year.

We conclude, on the entire record, that the expenditures were not charitable contributions, were not ordinary and necessary expense deductions, but were capital outlays which were made to secure and secured long-term advantages for Howard and Ferguson. *United States* v. *Akin, supra; Kauai Terminal, Ltd.*, 36 B.T.A. 893.

> *Decision will be entered under Rule 50 in Docket No. 90955.*
>
> *Decision will be entered for the respondent in Docket No. 90956.*