COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

YOUNG MOTOR COMPANY, Inc., Respondent.

No. 6063.

United States Court of Appeals
First Circuit.

April 25, 1963.

Meyer Rothwacks, Atty., Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, David O. Walter and Fred E. Youngman, Attys., Dept. of Justice, were on brief, for petitioner.

Walter H. McLaughlin, with whom Arthur M. Gilman and Walter H. McLaughlin, Jr., Boston, Mass., were on brief, for respondent.

Before HARTIGAN and ALDRICH, Circuit Judges, and GIGNOUX, District Judge.

ALDRICH, Circuit Judge.

This is a petition to review a decision of the Tax Court in favor of the taxpayer rendered after we had reversed its earlier decision for the government and remanded for further proceedings. Young Motor Co. v. Commissioner, 1 Cir., 1960, 281 F.2d 488. The ultimate question is whether taxpayer is liable for a tax for the years 1950, 1951 and 1952, under section 102 of the 1939 Internal Revenue Code because it allowed its earnings and profits to accumulate for the purpose of preventing the imposition of surtax upon its shareholders.[1] Since practically all of our former opinion is presently material, to save repetition we incorporate it herein. Without reading that opinion for the considerable recitation of facts and the applicable law, this one may be less than intelligible. We proceed from there.

On remand the Tax Court took further evidence and made a few supplementary findings, only one of which is of importance. The finding was that taxpayer's accumulations during the years in question were not in excess of the reasonable needs of its business, an issue the court had failed to resolve before, and the relevancy of which we shall shortly consider.[2] The court explained that it made this finding not as an affirmative matter, but because the evidence was "in virtual equipoise," and under the statute the burden of proof as to the issue of reasonable needs was upon the government. It went on to say that, on the other hand, it "cannot conscientiously" find "that the earnings were accumulated 'for' the reasonable needs of the business. * * *"

The court stated that it "affirmatively refrained" from accepting Young's testimony that he did not cause earnings to be distributed because he feared that if he did he might have spent the money.[3] It also rejected taxpayer's counsel's suggestion that if, instead of making loans with its accumulated earnings, taxpayer had distributed them to its stockholders and thereafter had needed to call for the money, there would have been less available because the funds would have been diminished by the tax resulting from the distribution. This argument, to have any force, presupposes that there had been an active determination of a reasonable need, and in effect assumes the point.

■ The court then turned to the question of whether taxpayer was improperly motivated despite the fact that the accumulation was not unreasonable. It concluded that the government had not met the burden it felt our opinion had placed upon it of proving that the inhibited purpose was the "dominant" one.[4]

1. The notice of deficiency stated, "[Y]our earnings and profits have been permitted to accumulate (instead of being divided and distributed as dividends among your shareholders) beyond the reasonable needs of your business for the purpose of preventing the imposition of surtax on your shareholders."

2. The court also found that taxpayer's directors never passed upon, or even discussed, any declaration of dividends, and that Young, the managing officer and, with his wife, principal stockholder, did not know about section 102 during the years in question, an ignorance which, understandably, the court considered irrelevant.

3. This was kindly put, especially in view of the evidence that what Young did with the accumulations, in large measure, was to cause taxpayer to lend them, sometimes without interest, to himself, and to other enterprises in which he, but not taxpayer, was interested.

4. The court expressed apparent dissatisfaction with our use of the word dominant, reminding us of our decision in Chicago Stock Yards Co. v. Commissioner, 1 Cir., 1942, 129 F.2d 937, at p. 948, rev'd on other grounds 318 U.S. 693, 63 S.Ct. 258, 87 L.Ed. 502, where we said, that it was enough if the evidence indicated that "the forbidden motive of surtax avoidance played a substantial part." To the extent that there may be a difference, we stand on our later wording. See also Rudolph v. United States, 1962, 370 U.S. 269, 270, 82 S.Ct. 1277, 8 L.Ed.2d 484.

■ With respect to the first issue raised by the government, we believe that as a theoretical matter the court was wrong in saying broadly that the statutory burden was upon the government to prove that the accumulations were in excess of the reasonable needs of the business. Section 534 of the 1954 Internal Revenue Code (later made applicable to all cases tried after its enactment) reads in part as follows.

"§ 534. *Burden of proof*

"(a) General rule.—In any proceeding before the Tax Court involving a notice of deficiency based in whole or in part on the allegation that all or any part of the earnings and profits have been permitted to accumulate beyond the reasonable needs of the business, the burden of proof with respect to such allegation shall—

"(1) if notification has not been sent in accordance with subsection (b), be on the Secretary or his delegate, or

"(2) if the taxpayer has submitted the statement described in subsection (c), be on the Secretary or his delegate with respect to the grounds set forth in such statement in accordance with the provisions of such subsection."

In the case at bar the taxpayer had submitted the subsection (c) statement. This called into play the burden of proof provisions of subsection (a) (2), to wit, that the burden of proof was on the government "with respect to the grounds set forth in such statement." This burden is less extensive than the one set by subsection (a) (1). The court failed to note the distinction. As we read the statute the government has the burden of overcoming the taxpayer's assertion that the grounds set up in its statement constituted reasonable needs, but if it meets that burden and overcomes those alleged grounds, then the burden of proving additional grounds, or needs, is on the taxpayer, and taxpayer will fail on this issue if it does not do so.

■ Our disagreement with the Tax Court on this matter, however, does not change the result. Taxpayer introduced no new grounds of any substance at the trial. The burden as to the grounds on which this issue was tried was properly where the court placed it. Raymond I. Smith, Inc. v. Commissioner, 9 Cir., 1961, 292 F.2d 470, cert. den. 368 U.S. 948, 82 S.Ct. 388, 7 L.Ed.2d 343. We could not say the court was plainly wrong in finding that the government had failed to meet this burden. This finding may stand.

■ The second issue raised is whether the Tax Court correctly placed on the government the burden of proof as to the ultimate question under section 102 of the 1939 Code, namely, the taxpayer's dominant purpose in making the accumulation. The court stated that it had so placed the burden because it was required to do so by our prior opinion. With all deference to the court, we made no such ruling. Possibly the court was misled by our suggested criticism of Pelton Steel Casting Co., 1957, 28 T.C. 153, aff'd, 7 Cir., 1958, 251 F.2d 278, cert. den. 356 U.S. 958, 78 S.Ct. 995, 2 L.Ed.2d 1066. Our criticism, however, was in terms directed to certain "reasoning" in the Tax Court's opinion, unconnected with the burden of proof. There is no statutory provision with regard to this burden. The normal burden on a petition to the Tax Court for review of a deficiency determined by the Commissioner is on the taxpayer. Chicago Stock Yards Co. v. Commissioner, 1 Cir., 1942, 129 F.2d 937, rev'd on other grounds, 318 U.S. 693, 63 S.Ct. 258, 87 L.Ed. 502; Sharaf v. Commissioner, 1 Cir., 1955, 224 F.2d 570. Probably the best reason for this is that as a practical matter taxes would be very difficult to collect if there was not a presumption in favor of the Commissioner. It is incumbent upon the taxpayer here to find something which removes its case from this principle.

■■ Taxpayer's response is that the Commissioner's determination was sim-

ply that the accumulations were within the purview of the statute because they exceeded the reasonable needs of the business, and that for the government now to prove that they were within the statute for another reason is all well and good, but as to this there was no previous determination and the burden is upon the government. See also Tax Court Rule 32, 26 U.S.C.A. following section 7453. We do not reach this question because in our view the deficiency notice (supra, fn. 1) is not to be so strictly construed.[5] We read it as asserting primarily that the earnings had been permitted to accumulate for the purpose of preventing the imposition of surtax, the ultimate issue, *and* that the accumulations were beyond the reasonable needs of the business, a supplementary issue because of its effect on the burden of proof under section 102(c), and not as saying that taxpayer had the forbidden purpose, because, and only because, the accumulations were beyond reasonable needs. Although its language might have been better chosen, we believe the reason for including both clauses in the notice was not to restrict it, but because of what the Commissioner stood to lose under section 534(a) if he failed to assert lack of reasonable business needs. If there was an ambiguity, it does not appear that taxpayer was misled. Throughout its petition it treated the issue of unreasonable accumulation and the improper purpose as separate matters. So far as appears, this point was first raised on the present appeal.[6]

 We do not read the 1939 Code as placing the burden as to purpose upon the government when the Commissioner had determined that taxpayer was improperly motivated. For many years prior to 1938 there had been a provision to the effect that the fact that earnings or profits have been permitted to accumulate beyond the reasonable needs of the business "shall be prima facie evidence of a purpose to avoid surtax upon shareholders." See, e. g., Revenue Acts of 1934 and 1936, section 102(b); Revenue Acts of 1928 and 1932, section 104(b); Revenue Acts of 1918, 1921, 1924 and 1926, sections 220 and 220(b). While it is possible to infer that this statutory assistance would not have been given to the government unless Congress assumed the government initially had a burden to meet, this is not a necessary inference. "Prima facie evidence" is not usually burden-placing language, Webre Steib Co. v. Commissioner, 1944, 324 U.S. 164, 65 S.Ct. 578, 89 L.Ed. 819; Rappe v. Metropolitan Life Ins. Co., 1946, 320 Mass. 376, 381–382, n. 1, 69 N.E.2d 584, and there is no more reason to reach this result by a reverse inference. Consequently we have held that the effect of this provision was merely to increase, to a perhaps immeasurable extent, the burden customarily on a taxpayer to overcome the Commissioner's determination of liability. Chicago Stock Yards Co. v. Commissioner, supra. We made a similar suggestion with respect to the new language of section 102(c) of the 1939 Code (first introduced in 1938, 52 Stat. 483), providing that if an accumulation was unreasonable taxpayer would be found to have the inhibited purpose unless it proved the contrary by a "clear preponderance of the evidence."[7] See

---

5. If Raymond I. Smith, Inc. v. Commissioner, supra, may be thought to hold to the contrary, we do not follow it.

6. Taxpayer also makes an argument based upon section 533(a). Admittedly taxpayer's argument is only "equitable" because this section of the 1954 Code was not made retroactive. We cannot adopt it. In fact we think the failure to make this section retroactive was not only deliberate, but sound, because of differences in the two acts.

7. "(c) *Evidence determinative of purpose.* The fact that the earnings or profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid surtax upon shareholders unless the corporation by the clear preponderance of the evidence shall prove to the contrary." 1939 I.R.C. § 102(c).

Chicago Stock Yards Co. v. Commissioner, supra, 129 F.2d at 948, n. 8. We see no reason to change this view. The Tax Court erred in ruling that because the government failed to show an accumulation beyond the reasonable needs of the business the burden was on it with respect to purpose. The only legal effect of the government's failure was to deny it the statutory benefit of having the taxpayer's burden as to purpose increased from the preponderance of the evidence to the clear preponderance.

■ Before sending the case back for a redetermination of the taxpayer's purpose with the proper burden of proof we must comment upon another error. In discussing the evidence on this issue the court said in its second opinion that we had ruled that no consideration could be given to the taxpayer's knowledge of the tax effect of a distribution upon its shareholders. We did not say this. With all deference, we do not see how the court could think we even implied it. What we said was that finding such knowledge, in the absence of an examination of other factors, was not "the test," and that the dominant motive should not be determined without consideration of "all relevant factors." 281 F.2d at 491. It would be particularly unreasonable, when the principal shareholder is the one who makes the corporate decisions, not to consider his personal interests as one of those factors.

■ The question of whether the burden of proof has been satisfied may call for delicate measurements. The same judge of the Tax Court has sat on two trials of this case. We suggest it would be appropriate under the circumstances to have a new viewer of the evidence. Murray v. United States, 1 Cir., 1962, 300 F.2d 804.

Judgment will be entered reversing the decision of the Tax Court and remanding the action for further proceedings not inconsistent herewith.