**YOUNG MOTOR COMPANY, Inc.,
Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 6339.**

United States Court of Appeals
First Circuit.

Dec. 28, 1964.

Walter H. McLaughlin, Jr., Boston, Mass., with whom Walter H. McLaughlin, Sr., Arthur M. Gilman and The McLaughlin Brothers, Boston, Mass., were on brief, for petitioner.

Frederick E. Youngman, Atty. Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., and Meyer Rothwacks, Atty. Dept. of Justice, was on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is a petition by a corporate taxpayer to review a decision of the Tax Court of the United States deciding that there are deficiencies in its income tax for the calendar years 1950, 1951, and 1952 under Sec. 102(a) of the Internal Revenue Code of 1939 which imposes a surtax on corporations improperly accumulating surplus. This is the third appeal to this court from a decision of the Tax Court in this case. Young Motor Company v. C. I. R., 281 F.2d 488 (1st Cir. 1960), reversing 32 T.C. 1336 (1959) and C. I. R. v. Young Motor Company, 316 F.2d 267 (1st Cir. 1963), reversing Young Motor Company, Inc., 31 P-H Tax Ct.Mem. 778 (1962). The facts will be found in the two opinions of the Tax Court and in our opinion on the first appeal.

The questions raised in this appeal are whether the Tax Court placed the proper burden of proof upon the taxpayer and whether on the evidence the decision of that court was warranted. We believe that the Tax Court used the proper burden of proof and that its decision should be sustained.

The combined holding of our first two decisions was that a tax under Sec. 102 (a) of the 1939 Code could be levied only where avoidance of the surtax was the primary or dominant reason for the accumulation of earnings and profits but that the burden is on the taxpayer to prove that avoidance of the surtax was not the primary or dominant reason for the accumulations. The taxpayer argues that the Tax Court in its latest decision placed a burden on it which goes one further step beyond what we have demanded. It says that the Tax Court placed a burden upon it to prove not only the negative, that it did not accumulate its earnings and profits to avoid the surtax, but also the affirmative, that it accumulated its earnings and profits for some reason other than avoidance of the surtax (here, to meet reasonable business needs). We do not agree that the court improperly increased taxpayer's burden.

There can be no question that the trial judge initially conceived of his task as one of placing only a negative burden upon the taxpayer. Indeed, he expressly says that "in reconsidering the ultimate issue we do so with the burden of proof resting upon the petitioner to prove by a preponderance of evidence that it has not been availed of * * *." However, in analyzing the evidence, the court proceeded to deal in large part with the question of whether in fact a reasonable business need motivated the taxpayer's accumulations, and at one point commented,

"A preponderance of evidence sufficient to sustain petitioner herein we think necessarily requires some proof that petitioner's continuing to accumulate its profits during the years at issue * * * was not

for the primary purpose of saving its stockholders harmless from payment of the income taxes normally imposed upon the receipt of corporate dividends, but rather that it was for the primary and dominant purpose of meeting business exigencies.

\* \* \* "

It is difficult to prove a negative without advancing one or more affirmatives. In this case the taxpayer advanced only one, namely, that it accumulated its earnings to meet reasonable business needs. In such circumstances it seems to us that in recognizing a burden to prove a purpose of meeting business needs the court was merely stating two sides of the same coin. Had taxpayer suggested more than one legitimate (from a tax standpoint) reason for the accumulations the situation would be different. In such event there would be no burden to prove any particular one.

█  It remains only to decide whether the Tax Court's decision on the facts was warranted. On appeal from that court, of course, we are limited to the "clearly erroneous" rule in our review of such determination. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). Nor are we obliged to agree with every sentence in the opinion.

It is quite true that the Tax Court found that taxpayer's accumulations were not, in fact, beyond reasonable business needs. Taxpayer in effect argues this of itself established the propriety of its motive, or the purpose of its accumulation. We rejected that contention in our first opinion. The fact that it would have been reasonable does not mean that it was the actual purpose. Furthermore, there is a distinction in scope between what might be reasonable and what were essential business needs. A taxpayer might, in thinking about its business needs, and acting entirely reasonably, accumulate less than the maximum reasonable amount, and any larger amount, although still reasonable, might, in fact have been retained for quite different purposes. Hence the court's finding, although important, does not resolve the present question. The burden remains where it began, to show that the subjective motive for this particular retention was not to avoid the surtax.

██  Since 1929, when taxpayer was incorporated, no dividends have been declared or paid. Since 1941 no officer or director has received a salary. Since 1945 taxpayer's earnings have been used as unsecured and, except in 1952, interest-free loans to provide funds to meet the operating expenses of unrelated enterprises owned by Young, taxpayer's controlling stockholder. Since 1947 taxpayer's earnings have also been used to purchase unrelated securities. It was the function of the Tax Court to draw inferences and to weigh the evidence. Helvering v. National Grocery Co., 304 U.S. 282, 295, 58 S.Ct. 932, 82 L.Ed. 1346 (1938). It is true that Young's testimony that he contemplated some investment of further funds in the company's business was well documented. However, it did not appear that he had set his mind to any particular plans, or to the involvement of any particular amount of money. While the question may not be as clear as in Barrow Mfg. Co. v. Commissioner, 294 F.2d 79 (5th Cir. 1961), cert. den. 369 U.S. 817, 82 S.Ct. 827, 7 L.Ed.2d 783, we believe that the Tax Court could reasonably find that taxpayer's future plans were secondary to a predominant motive of tax avoidance, or that the plans were too vague and indefinite to sustain taxpayer's position.

Judgment will be entered affirming the decision of the Tax Court.