**Claude L. CREPEAU, Petitioner, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.**

**No. 7781.**

United States Court of Appeals, First Circuit.

March 15, 1971.

---

Melvin G. Barclay, Greenfield, Mass., for appellant.

Mary J. McGinn, Atty., Tax Division, Dept. of Justice, with whom Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks and Grant W. Wiprud, Attys., Tax Division, Dept. of Justice, were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

■■ Taxpayer appeals a decision in which the Tax Court, after hearing, allowed him certain claimed expenditures as proper deductions under sections 163, 164 and 212 of the Internal Revenue Code, but found that others either were not proven or were personal expenses. The transactions were many, and the court made a serious attempt at attribution. Taxpayer's records were poor. Concededly, if the court had accepted his oral testimony, it would have allowed substantially more deductions. Instead, it found those established only by taxpayer's summary statements on the witness stand to be insufficiently supported.

Taxpayer in part argues that his oral testimony should have been accepted because uncontradicted. He further says that in the unverified area the court, pursuant to the rule in Cohan v. Commissioner of Internal Revenue, 2 Cir., 1930, 39 F.2d 540, should have made a "reasonable approximation" of his deductible expenses. We do not take the *Cohan* case as going that far. The Tax Court did make some allowances. In the absence of records it did not have to go as deeply into the matter as taxpayer wanted. Zooloomian v. Commissioner of Internal Revenue, 1 Cir., 1969, 417 F.2d 1337, aff'g per curiam 28 CCH Tax Ct. Memo 572; Donovan v. Commissioner of Internal Revenue, 1 Cir., 1966, 359 F.2d 64; Williams v. United States, 5 Cir., 1957, 245 F.2d 559, 560–561. Nor do we propose to retry the case ourselves, or to adopt taxpayer's final suggestion, remand, because he believes he can present a better case next time. A party is not entitled to relief in this court from the Tax Court's findings of fact unless he can show that they are clearly erroneous on the record that was before it. Commissioner of Internal Revenue v. Duberstein, 1960, 363 U.S. 278, 289–291, 80 S. Ct. 1190, 4 L.Ed.2d 1218; Young Motor Co. v. Commissioner of Internal Revenue, 1 Cir., 1964, 339 F.2d 481, 483.

Affirmed.