KAUAI TERMINAL, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87664. Promulgated November 16, 1937.

*Montgomery E. Winn, Esq.*, for the petitioner.

*Arthur H. Fast, Esq.*, and *Henry L. Young, Esq.*, for the respondent.

OPINION.

STERNHAGEN: 1. The petitioner in 1933 deducted the $200,000 which it contributed to the cost of the new breakwater, the $17,517.93 which was the 1910 cost of construction of the old breakwater, and the $3,940.20, preliminary expenses incurred in preparing data and sending a representative to Washington in the course of the investi-

gation of the project. In disallowing the deduction the Commissioner said that the taxpayer "received in return a valuable asset, either tangible or intangible, adding to the value of its property, which should be capitalized." The taxpayer relies upon article 262 of Regulations 77.[1]

The statutory provision under which the deduction must be considered is Revenue Act of 1932, section 23 (a),[2] since there is no statutory provision for the deduction by corporations of charitable and similar contributions such as there is in section 23 (n) in the case of individuals. It is not because the contribution was made to the United States that the petitioner defends the deduction, but because it was an ordinary and necessary expense of carrying on its trade or business; and more particularly, as it claims, because it was a donation which bore a relation to its business and was made with a reasonable expectation of a financial return commensurate with its amount.

In support of its contention it relies upon earlier decisions,[3] which deal with voluntary expenditures made gratuitously under circumstances involving peculiar business considerations. In each case the amount was in truth a donation—that is, nothing was received from or promised by the donee in return, the expected benefits being an indirect or incidental result. This, however, is not true in the present case. The amount paid by the petitioner was not a donation, but was the condition imposed by the United States for the construction of

[1] ART. 262. *Donations by Corporations.*—Corporations are not entitled to deduct from gross income contributions or gifts which individuals may deduct under section 23 (n). Donations by a corporation for purposes connected with the operation of its business, however, when they are made to charitable institutions, hospitals, or educational institutions and result in a direct benefit to the employees of the corporation or their dependents are a proper deduction as ordinary and necessary expenses. Donations which bear a relationship to the corporation's business and are made with a reasonable expectation of a financial return commensurate with the amount of the donation are allowable deductions from gross income. For example, a street railway corporation may donate a sum of money to an organization intending to hold a convention in the city in which it operates, with the reasonable expectation that the holding of such convention will augment its income through a greater number of people using the cars. Sums of money expended for lobbying purposes, the promotion or defeat of legislation, the exploitation of propaganda, including advertising other than trade advertising, and contributions for campaign expenses, are not deductible from gross income.

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:
(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

[3] *Poinsett Mills,* 1 B. T. A. 6; *Holt-Granite Mills Co.,* 1 B. T. A. 1246; *Anniston City Land Co.,* 2 B. T. A. 526; *Superior Pocahontas Coal Co.,* 7 B. T. A. 380; *Sugarland Industries,* 15 B. T. A 1265: *Corning Glass Works* v. *Lucas,* 37 Fed. (2d) 798; certiorari denied, 281 U. S. 742.

the breakwater. Another condition was the conveyance by the petitioner of the existing breakwater. Under these circumstances it may be seriously doubted whether article 262 of Regulations 77 is at all in point. That article appears in the regulations following article 261, both being under section 23 (n) of the statute, which relates entirely to "charitable and other contributions" in the case of individuals. From its location in the regulations, it is clear that it deals only with such donations by corporations as are comparable with the charitable contributions by individuals deductible under the statute. As to such comparable donations, the article describes those which may properly be regarded by a corporation as ordinary and necessary expenses of carrying on its trade or business. See *Old Mission Portland Cement Co.* v. *Helvering*, 293 U. S. 289; *Helvering* v. *Evening Star Newspaper Co.*, 78 Fed. (2d) 604; certiorari denied, 296 U. S. 628. Unless, therefore, an expenditure made by a corporation is such as would, if made by an individual, be deductible as a charitable contribution, article 262 is wholly irrelevant.

The first question then is whether this expenditure made by the petitioner is like a deductible charitable contribution made by an individual. The evidence shows that the primary consideration which moved the petitioner in this expenditure was not that of a charitable gift to the United States for the general welfare of the community, but was the increase of its own profit through the reduction of its expenses and the improvement in the efficiency of its operations. While something was said about the prospect of reducing transportation rates for the benefit of the community, this was but an incidental and indirect consequence. Had the petitioner been an individual, it would have had no better standing to claim, under section 23 (n), the deduction of a charitable contribution than it did as a corporation, and the same question would have been present, namely, whether an amount paid to the United States toward the construction of a breakwater under the circumstances set forth is deductible as an ordinary and necessary expense of carrying on a trade or business. This question we think must be answered in the negative. The expenditure was one calculated to result in a long standing direct business advantage to the petitioner, the effect of which was not alone felt in the year when made but was to carry on indefinitely into the future. So far as the taxpayer was concerned, although it did not own the breakwater and had no tangible capital asset as a result of its expenditure, the benefit resulting from the expenditure was as desirable as if the breakwater had become its own (perhaps more so, since the Government was to carry the burden of maintenance); and this benefit was not only immediate but was to extend into the indefinite future. Under such circumstances,

it can not reasonably be said that the amount was an ordinary and necessary expense to be deducted in a single year.

It is suggested that since the taxpayer owns no asset as the result of its expenditure, there is nothing for it to capitalize; and since the amount must be charged off, its deduction should be permitted. This amounts to saying that all expenditures must be classified either as capital or current expense, and if not the former, they must be deductible. This reasoning has been considered before and rejected. *Connally Realty Co.*, 31 B. T. A. 349; affd., 81 Fed. (2d) 221. Claiming under section 23 (a), the taxpayer must bring the expenditure within the language of the statute, and this is not done by the indirect method of showing that the amount can not reasonably be capitalized.

For the Commissioner, several cases are cited which support his view, *Cripple Creek Coal Co.* v. *Commissioner*, 63 Fed. (2d) 829; *Colony Coal & Coke Corporation* v. *Commissioner*, 52 Fed. (2d) 923; *Gauley Mountain Coal Co.* v. *Commissioner*, 23 Fed. (2d) 574. In the *Cripple Creek* case the court held that an amount paid by a coal company to a railroad company as a part of the cost of a spur track owned by the carrier was not deductible as an expense. In the *Gauley Mountain* case, which arose under the excess profits tax, the court held that a similar amount was properly to be treated as an item of invested capital, from which it rationally followed, in the *Colony Coal* case, that it was not deductible as an expense.

The foregoing reasoning leads as well to the conclusion that the $17,517.93, cost of the original breakwater, is likewise not to be regarded as an ordinary and necessary expense in 1933, when the breakwater was conveyed to the United States.

The $3,940.20 was accounted for by the taxpayer as a preliminary cost of the breakwater project, and its deduction was claimed upon the same grounds as the other two items. The deduction was, therefore, likewise properly disallowed.

2. The taxpayer, in accordance with its regular method of accounting, deducted the annual fire insurance premium in its entirety in the year when paid. For the year 1933 the Commissioner disallowed half of the premium paid in that year because it covered insurance going into the following year. If this were a single nonrecurring expenditure by the taxpayer, there might be some support for the Commissioner's disallowance; but the taxpayer had consistently adopted this accounting treatment, which seems to have been in accordance with the requirements of the Interstate Commerce Commission's regulations, "Classification of Operating Revenues and Operating Expenses of Steam Roads" (issue of 1914). This requires that such insurance premiums shall be treated by the carrier as operating expense. While it can not be said that an insurance premium

which covers a period of more than one year may, as a general rule, be deducted in its entirety in the year of advance payment, *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566, the present case deals only with a one-year premium such as has habitually, in accordance with an approved and regularly adopted accounting method, been charged off and deducted each year in the year of payment. Under these circumstances the amount paid is clearly an ordinary and necessary expense of carrying on the trade or business, and there is no justification for disallowing it and requiring in its stead an apportionment which year after year will reach substantially the same result. The Commissioner's determination as to this item is reversed.

*Judgment will be entered under Rule 50.*