UNITED STATES of America,
Appellant,

v.

Victor H. and Elsie AKIN, Fred C. and Alice M. Kluver, E. F. and Gladys Munroe, Appellees.

No. 5500.

United States Court of Appeals
Tenth Circuit.

Oct. 19, 1957.

Carolyn R. Just, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Robert N. Anderson, Attorney, Department of Justice, Washington, D. C., and Donald E. Kelley, U. S. Atty., Denver, Colo., on the brief), for appellant.

Stanley L. Drexler and Ellis J. Sobol, Denver, Colo., for appellees.

Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

BRATTON, Chief Judge.

The question presented for determination is whether portions of annual assessments paid by taxpayers who were farmers to two mutual ditch companies which supplied water for the irrigating of the farms of the taxpayers and were used by such companies to retire long term indebtedness and to purchase a right of way were deductible from gross income of the taxpayers as ordinary and necessary expenses incurred in carrying on their farming businesses.

The taxpayers were engaged in the business of farming in Colorado, and they obtained water for the irrigating of their farm lands from two mutual ditch companies. The ditch companies were corporations organized under the laws of Colorado, and they distributed water to farmers who used it for the growing of agricultural crops. In order for a water right owner to be entitled to receive water distributed by the companies, it was necessary that he have stock in the company with all assessments paid. If a stockholder defaulted in the payment of an assessment, interest was charged; and if he remained in default after notice and demand for payment, his stock could be sold at public auction. During the years 1949 and 1950, each company made an assessment pro rata upon all of its stock issued and outstanding. Each assessment of one company contained an item for the retirement pro tanto of a long term indebtedness, an item for the payment of interest on the outstanding indebtedness, and an item for the purchase of a right of way; and each assessment of the other company contained an item for the retirement in part of a long term indebtedness, and an item for the payment of interest on such indebtedness. The taxpayers paid the respective annual assessments levied upon them by one or both of the companies and deducted the amounts thereof from their gross income as ordinary and necessary business expenses incurred in the operation of their farming businesses. The Commissioner of Internal Revenue disallowed the portions of the deductions attributable to the items referred to. Resulting deficiencies in tax were paid; claims for refund were made and disallowed; this suit was filed to recover the amounts of the deficiencies; judgment was rendered for the taxpayers; and the appeal was seasonably taken from the judgment.

Deductions from gross income are not a matter of right. Neither do they turn upon equitable considerations. They are a matter of legislative grace. And a taxpayer asserting a deduction must bring himself squarely within the terms of a statute expressly authorizing it. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; White v. United States, 305 U.S. 281, 59 S.Ct. 179, 83 L.Ed. 172; Deputy v. Du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; Hales-Mullaly, Inc., v. Commissioner, 10 Cir., 131 F.2d 509; F. A. Gillespie & Sons Co. v. Commissioner, 10 Cir., 154 F.2d 913, certiorari denied 329 U.S. 781, 67 S.Ct. 204, 91 L.Ed. 670; Chicago Mines Co. v. Commissioner, 10 Cir., 164 F.2d 785, certiorari denied London Extension Min. Co. v. C. I. R., 333 U.S. 881, 68 S.Ct. 913, 92 L.Ed. 1156.

Section 23(a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(a) (1) (A), authorizes a deduction from gross income of all ordinary

and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. But the statute is limited to ordinary and necessary expenses paid or incurred in the conduct of a trade or business and does not authorize a deduction for capital expenditures. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Hales-Mullaly, Inc., v. Commissioner, supra. It is not always easy to find a verbal formula which readily supplies an unerring guide in drawing the boundary line between current expenses and capital outlays. But it may be said in general terms that an expenditure should be treated as one in the nature of a capital outlay if it brings about the acquisition of an asset having a period of useful life in excess of one year or if it secures a like advantage to the taxpayer which has a life of more than one year. Hotel Kingkade v. Commissioner, 10 Cir., 180 F.2d 310.

■■ The parties discuss the relationship existing between the ditch companies and the taxpayers as throwing light upon the decisive question whether the sums which the taxpayers paid to the ditch companies for use in retiring in part the outstanding indebtedness of the ditch companies, and for use in acquiring the right of way, constituted ordinary and necessary expenses incurred by the taxpayers in the conducting of their farming businesses. The status of property in respect to the rights and interests of parties therein is created and determined by state law, but the manner in which and the extent to which parties are liable for federal taxes must be determined by federal revenue legislation. Morgan v. Commissioner, 309 U.S. 78, 625, 60 S.Ct. 424, 84 L.Ed. 585, 1035; Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154; Brodrick v. Gore, 10 Cir., 224 F.2d §92; Brodrick v. Moore, 10 Cir., 226 F.2d 105; Smith v. United States, 10 Cir., 230 F.2d 470; In re Sweet's Estate, 10 Cir., 234 F.2d 401, certiorari denied 352 U.S. 878, 77 S.Ct. 100, 1 L.Ed.2d 79.

As we understand the law of Colorado, the two mutual ditch companies organized in that state are nonprofit corporations; each owns the naked legal title to its ditches and related facilities used in the distribution of water to its members, including the taxpayers, for use upon their lands but the owners of the farms served in that manner are the equitable and actual owners of such ditches and related facilities in proportion to their respective interests; the stock certificates issued by the companies to their members are merely muniments of title to their water rights; and the value of the stock is in the water rights which it represents. Kendrick v. Twin Lakes Reservoir Co., 58 Colo. 281, 144 P. 884; Beaty v. Board of County Commissioners of Otero County, 101 Colo. 346, 73 P.2d 982; Billings Ditch Co. v. Industrial Commission, 127 Colo. 69, 253 P.2d 1058. But in each instance here, the ditch company was the only one liable upon the outstanding indebtedness for the retirement of which a portion of the amounts paid by the taxpayers to the ditch company was to be used. The taxpayers were not personally liable for any portion of the indebtedness. And the intended purpose and resulting effect of the payments made by the taxpayers to the ditch companies for use in the retirement pro tanto of the principal together with the accrued interest thereon was to strengthen the financial position of the ditch companies by reducing their long-term obligations. In respect to federal revenue legislation, the payments of assessments for such purpose fell within the range of capital contributions to the ditch companies, respectively, rather than ordinary and necessary expenses incurred in carrying on the businesses of the taxpayers. Compare, 50 East 75th Street Corp. v. Commissioner, 2 Cir., 78 F.2d 158. The legal title to the right of way acquired with the proceeds of the assessments for that purpose was taken in the name of the ditch company. And the purpose in acquiring and taking legal title to the right of way was to expand the distribution system by creating an addition to it. Again, the payments of the assessments for that purpose constituted capital con-

tributions, not ordinary and necessary expenses incurred by the taxpayers in carrying on their businesses. Compare, Cripple Creek Coal Co. v. Commissioner, 7 Cir., 63 F.2d 829.

The judgment is reversed and the cause is remanded.