**FIDELITY TRUST COMPANY, Trustee U/W of John Walker, Deceased, Susan C. Walker Trust, Appellant,**

v.

**UNITED STATES of America.**

**No. 12369.**

United States Court of Appeals Third Circuit.

Argued Feb. 19, 1958.

Decided March 12, 1958.

John G. Kish, Pittsburgh, Pa. (G. Harold Blaxter, Pittsburgh, Pa., Blaxter, O'Neill & Houston, Pittsburgh, Pa., on the brief), for appellant.

Carolyn Just, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attorneys, Department of Justice, Washington, D. C., D. Malcolm Anderson, U. S. Atty., Thomas J. Shannon, Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment for the defendant in a suit by taxpayer for refund of certain income taxes. The year concerned is 1952. The facts are not complicated; the legal question is interesting and is stated by counsel on each side to be novel.

The story starts with the will of John Walker of Pennsylvania through which he established a testamentary trust. By its terms his widow, Susan C. Walker, was given the net income from the trust for life. His son, Henry P. Walker, was given a limited power of appointment over a portion of the principal of this trust estate and the power was exercisable in the event that Henry should die without issue. The limitations of the power may be stated in terms of the will:

> "* * * to pay over and distribute Henry's share to and among such of my lineal descendants and/or such educational and/or charitable institutions as my son, Henry, may by his Last Will and Testament, direct, limit and appoint * * *."

Henry P. Walker died without issue and by his will he exercised the power of appointment. One-third of the net income of his share was to go to his sister and the remaining two-thirds to be divided among four qualified charities.

So far, so good. But the validity of this appointment was challenged in the Orphans' Court of Allegheny County, Pennsylvania. There was a provision in Article 10 of John Walker's will which concerned the shares set aside for his son. The words were "if he survives my wife and me." Henry Walker did not survive his stepmother, John Walker's widow. So the argument was made that his purported exercise of the power of appointment was ineffective. The auditing judge of the Orphans' Court, as to the share in dispute, entered an order "Balance Corpus suspended pending adjudication of 10th item of Will." The auditing judge later entered a definitive order of distribution holding the exercise of the power valid. But the Orphans' Court en banc for Allegheny County reversed. Finally, the case went to the Supreme Court of Pennsylvania which reinstated the decree of the auditing judge, In re Walker's Estate, 1954, 376 Pa. 16, 101 A.2d 652.

In the meantime, the income of this share of the trust accumulated. In its return for 1952, the fiduciary claimed no deduction for the sum which repre-

sented the two-thirds portion of the income which was distributable to the charities under the terms of Henry Walker's appointment. It was stipulated that the trustee had made no distribution of this income, the disposition of which was in dispute. Indeed, no entry was made by the trustee to show a credit of the income to the charities in the year 1952.

The sole question in the case is: May the trustee recover back the portion of the income tax paid with respect to the income which finally went to the charities after the Pennsylvania Supreme Court's adjudication? The question is not a complicated one. Section 162(a) of the Internal Revenue Code of 1939, 26 U.S.C. § 162(a), provides:

" * * * there shall be allowed as a deduction * * * any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23(o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes * * * ."

As already stated, the charities did not receive any of this income during the taxable year in question. The trustee was not at fault in failing to pay them. While, we are advised, the Orphans' Court proceeding was in the regular course of settling estates in Pennsylvania, the trustee would have certainly taken its chances had it paid over the money before the final question of the validity of Henry Walker's exercise of his power of appointment was settled. Nor was the money which the charities subsequently got "permanently set aside for them during this period." Of course it was not. The whole subject matter was in litigation and the trustee was not making any commitments pending the final decision of the Supreme Court of Pennsylvania.

All of this seems perfectly proper and cautious conduct on the part of the trustee. But it did not bring the income for the charities within the exemption which the statute provides and which is quoted above. The plain fact is that the qualifications which the statute laid down for the deduction of charitable gifts was not fulfilled. It is well settled law that if income is to be free from taxation, the taxpayer must bring himself within the exemption or deduction which the statute provides. United States v. Akin, 10 Cir., 1957, 248 F.2d 742, and cases cited therein; see Bank of America Nat. Trust & Savings Ass'n v. Commissioner, 9 Cir., 1942, 126 F.2d 48. This taxpayer did not and so he cannot recover the taxes paid.

This result need not shock us. It is true that there is a policy for allowing deductions for charitable purposes. The Congress has established this policy. But it has also established the policy of using the income tax to raise money for public purposes. If the deduction is not granted the money is not wasted. It goes to support the United States Government.

The judgment of the district court will be affirmed.