**FALL RIVER GAS APPLIANCE COMPANY, Inc., et al., Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 6512.

United States Court of Appeals
First Circuit.

Heard June 15, 1965.

Decided Aug. 18, 1965.

John J. Conroy, Boston, Mass., for petitioners.

Mark S. Rothman, Atty., Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and David O. Walter, Attys., Dept. of Justice, were on brief, for respondent.

Before ALDRICH, Chief Judge, LUMBARD *, Chief Judge, and LEWIS *, Circuit Judge.

LEWIS, Circuit Judge.

Petitioners seek review of a decision of the Tax Court, 42 T.C. 850, holding that certain expenditures made by each of the taxpayers during a particular year must be capitalized [1] and depreciated over a period of twelve years rather than deducted as an ordinary and necessary business expense during the year of expenditure.[2] The evidentiary facts are not in dispute.

Fall River Gas Company is a seller and distributor of natural gas and holds an exclusive franchise to distribute gas at retail in the Fall River, Massachusetts area. Fall River Gas Appliance Company was incorporated in 1955 as a wholly owned subsidiary. The subject expenditures were made by taxpayers in the years 1957 through 1959 [3] and consisted of installation costs for leased gas appliances, principally water heaters and conversion burners for furnaces. The costs of installation were about $65 for each water heater and $90 for each conversion burner, consisting of labor and material charges paid out to connect the appliance to the customer's plumbing, venting and, in the case of furnace burners, varying services necessary to convert the particular furnace. Appliances were leased for an initial period of one year and conversion burners were removable at the will of the customer upon twenty-four hour notice. Upon termination of a lease, petitioners would remove the appliance, cap gas and water lines, and restore furnaces to their original condition. Labor costs upon removal prevented petitioners from recouping any appreciable amount of their original installation costs by way of salvage. However, it was plainly anticipated that the over-all duration of the leases would result in rental income upon the appliances and an increase in consumption of gas which would result in economic benefit to petitioners. And the record indicates that through the years 1954 to 1959 the average consumption of gas per customer more than doubled while the total number of customers did not increase appreciably. During such period petitioners installed 9,088 leased water heaters and removed 1,650 and made 962 conversion installations and removed 121. An unspecified number of installations were made after earlier removals, thus using existing connection facilities and lessening petitioners' costs.

The determination of whether a business expenditure is a capital expense is generally difficult and there is no set formula that will govern all cases. See Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212. It has been held that a capital expenditure is one that secures an advantage to the taxpayer which has a life of more than one year, United States v. Akin, 10 Cir., 248 F.2d 742, 744,

---

* Sitting by designation.

1. 26 U.S.C. 1958 ed. Sec. 263.

2. 26 U.S.C. 1958 ed. Sec. 162.

3. In 1957 the appliance company incurred the installation expense, but in both 1958 and 1959 the gas company paid the cost. Since each year presents the same legal question, we perceive no reason for treating either the petitioners or the years separately.

and that the taxpayer must acquire something of permanent use or value in his business, Houston Natural Gas Corp. v. Commissioner of Internal Revenue, 4 Cir., 90 F.2d 814, 816. It is not necessary that the taxpayer acquire ownership in a new asset, but merely that he may reasonably anticipate a gain that is more or less permanent. See Colony Coal & Coke Corp. v. Commissioner of Internal Revenue, 4 Cir., 52 F.2d 923; 4 Mertens, Law of Federal Income Taxation, § 25.20 1960 rev. ed. Inquiry into the pertinency of these principles leads to the establishment of an ultimate fact, and the finding of the Tax Court must be upheld unless it is clearly erroneous. Young Motor Co. v. Commissioner of Internal Revenue, 1 Cir., 339 F.2d 481; Russell Box Co. v. Commissioner of Internal Revenue, 1 Cir., 208 F.2d 452, 454.

Against this legal premise petitioners argue that the nature of the installations and their lack of permanency dictate the existence of ordinary business expense; customers could cease using gas at virtually any time, rendering the installation worthless to the petitioners and therefore not a capital asset. Although value of the installation lies in the increased amounts of gas that will be purchased, petitioners point out that they have no assured benefits because a customer may switch from gas to electricity or oil at any time. They attempt to distinguish the cases relied upon by the Tax Court and the Commissioner, holding the taxpayer need not have title to the improvement resulting from the expenditure, on the ground that in each case the taxpayer had the right to benefit from the improvement for a long period of time.[4]

■ But the impact of these authorities cannot be so narrowed for in each instance the taxpayer took a considered risk in the installation of a facility upon the premises of another in anticipation of an economic benefit flowing from the existence of the facility over an indeterminable length of time. Taxpayer had no right to actual *use* for a period certain or at all and the rationale of the holdings is premised upon the particular advantage accorded the taxpayer. In the case at bar petitioners made many small expenditures rather than a single large one. Some installations would be, and were, poor investments; others would be, and were, very profitable. But the totality of expenditure was made in anticipation of a continuing economic benefit over a period of years and such is indicative of a capital expense. The record of gas sales and leased installations, although certainly not compelling in such regard, lends some strength to the conclusion that anticipation has become fact.

■ Petitioners also assert that the finding of the Tax Court that the useful life of their installations was twelve years is arbitrary and not supported by record fact. Such a finding, by nature, is seldom capable of precise support and usually amounts to but a considered estimate. Here, the Tax Court reduced the Commissioner's determination from 20 to 12 years stating that "The materials in the record do not enable us to arrive at any scientifically accurate conclusion in this respect, but doing the best we can with the evidence before us we have found as a fact that the installations in question had a useful life of 12 years in conjunction with the leased appliances." We do not consider the Tax Court's determination of 12 years to be unreasonable upon its face nor not in harmony with the record evidence and consequently we will not disturb its finding.

■ Petitioners make several other arguments, none of which convinces us that the decision of the Tax Court was clearly erroneous. As this court in Rus-

4. Kauai Terminal, Ltd. v. Commissioner, 36 B.T.A. 893; 47 B.T.A. 523; Colony Coal & Coke Corp. v. Commissioner of Internal Revenue, supra, aff'ing 20 B.T.A. 326; Cripple Creek Coal Co. v. Commissioner of Internal Revenue, 7 Cir., 63 F. 2d 829, aff'ing 24 B.T.A. 1096; D. Loveman & Son Export Corp. v. Commissioner of Internal Revenue, 34 T.C. 776, 806–807, aff'd, 6 Cir., 296 F.2d 732, cert. denied, 369 U.S. 860, 82 S.Ct. 950, 8 L. Ed.2d 18.

sell Box Co. v. Commissioner of Internal Revenue, supra, 208 F.2d at 454, said respecting cases similar to the one at bar:

"When all is said, the fact remains that close cases have to be decided by the Tax Court one by one as individual instances, and that our function is to reverse the Tax Court only when we are convinced that its conclusion in a particular case is clearly erroneous."

Affirmed.