**AMERICAN DISPENSER CO., Inc.,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

**No. 437, Docket 31985.**

United States Court of Appeals
Second Circuit.

Argued April 25, 1968.

Decided June 12, 1968.

Morris W. Primoff, New York City, for petitioner.

Stephen H. Hutzelman, Atty., Dept. of Justice (Mitchell Rogovin, Asst. Atty. Gen., and Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, on the brief), for respondent.

Before HAYS, ANDERSON, and FEINBERG, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from a decision of the Tax Court holding certain payments made by the taxpayer not deductible under Section 162(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 162 (a). We affirm.

The taxpayer, American Dispenser Company, is engaged in the business of manufacturing soap dispensers. Two of its principal products are known as "Lathurn" and "Powdurn." The patents on these two dispensers expired a number of years before 1962, the year for which the tax deficiency is claimed.

In 1962 American discovered that Continental Machine Corporation was manufacturing in Japan copies of American's Lathurn and Powdurn dispensers and was selling these products in the Unit-

ed States for less than the prices charged by American. The Japanese copies were difficult to distinguish from American's products and the two could easily be confused by customers.

On November 6, 1962 American and Continental entered into an agreement in accordance with which American paid Continental $15,000. The agreement provided in part:

"2. Continental covenants that it will not now or any time in the future, either directly or indirectly, manufacture and/or market anywhere in the world copies of American's 'Lathurn' or 'Powdurn' soap dispensers as the same are shown in American's catalogue attached hereto and marked Exhibit A.

3. Continental covenants that it will not now or any time in the future, either directly or indirectly, manufacture and/or market anywhere in the world copies of any products presently maunfactured by American, as shown in American's catalogue attached hereto and marked Exhibit A."

In its tax return for 1962 American deducted the $15,000 it had paid Continental and, in addition, $1,250 for legal fees incurred in connection with the negotiation and execution of the agreement of November 6, 1962. The Commissioner disallowed these deductions, ruling that they represented an outlay of a capital nature.

Section 162(a) of the Internal Revenue Code of 1954 (26 U.S.C. § 162(a)) provides:

"Sec. 162. TRADE OR BUSINESS EXPENSES.

(a) *In General.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *."

■ The taxpayer had the burden of establishing its right to a deduction. United States v. Olympic Radio & Television, Inc., 349 U.S. 232, 235–236, 75 S.Ct. 733, 99 L.Ed. 1024 (1955); New

Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348 (1934).

■ We hold that the taxpayer failed to discharge its burden of proving deductibility. The covenant for which it paid provided taxpayer with a capital asset in the form of rights which were not confined to the year 1962 but were to be enjoyed over an indefinite period of time.

"The expenditure was made to eliminate competition for many years to come, and cannot be considered as a business expense in the same class as wages, salaries, costs of materials, etc. * * * [I]t should be considered as an expenditure of capital in the acquisition of a capital asset, the asset acquired being the right to use the name 'Clark' exclusive of the Blodgett & Orswell Co. The benefits derived from this right cannot be confined to the year in which it was acquired and, therefore, the cost of acquiring it cannot be charged against income earned in that year." Clark Thread Co. v. Commissioner of Internal Revenue, 100 F.2d 257, 258 (3d Cir. 1938).

"[A]n expenditure should be treated as one in the nature of a capital outlay if it brings about the acquisition of an asset having a period of useful life in excess of one year or if it secures a like advantage to the taxpayer which has a life of more than one year." United States v. Akin, 248 F.2d 742, 744 (10th Cir. 1957), cert. denied, 355 U.S. 956, 78 S.Ct. 542, 2 L.Ed. 532.

"[T]he test for whether an item should be treated as a current expense or as a capital expenditure is whether the utility of the expenditure survives the accounting period." Sears Oil Co. v. Commissioner of Internal Revenue, 359 F.2d 191, 197 (2d Cir. 1966).

■ Taxpayer asserts that it always had the rights which the covenant purported to grant and that, in effect, it acquired nothing by reason of its outlay except that it avoided the bother and

expense of litigation. It is not our function to estimate what might have been the possibilities of success in an action by American against Continental, especially in view of the fact that Continental is not before us. It is sufficient for our purposes that American was willing to pay a substantial sum in return for Continental's covenants. Moreover, even if the payment was made to avoid litigation, it still must be held to represent a capital outlay. See Wise v. Commissioner of Internal Revenue, 311 F. 2d 743 (2d Cir. 1963); United States v. Wheeler, 311 F.2d 60 (5th Cir. 1962), cert. denied, 375 U.S. 818, 84 S.Ct. 54, 11 L.Ed.2d 53 (1963).

The decision of the Tax Court is affirmed.