Martin J. and Margaret M. ZANINO-VICH and Vincent M. and Dorothy F. Zaninovich, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 78–1818.

United States Court of Appeals, Ninth Circuit.

April 3, 1980.

John J. McGregor, Thomas, Snell, Jamison, Russell, Williamson & Asperger, Fresno, Cal., on brief; William N. Snell, Fresno, Cal., for appellants.

Gilbert E. Andrews, Chief App. Dept. of Justice, Washington, D. C., on brief; George L. Hasting, Jr., Tax Div. U. S. Dept. of Justice, Washington, D. C., for appellee.

Before WALLACE, KENNEDY and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

This case presents the issue of whether a rental payment by a cash basis taxpayer for a lease year that extended eleven months beyond the year of payment is fully deductible in the year of payment as an ordinary and necessary business expense [1] or must be deducted on a prorated basis as a capital expenditure. We hold that the payment in this case was fully deductible in the year of payment.

Petitioners Martin J. and Margaret M. Zaninovich, husband and wife, and Vincent M. and Dorothy F. Zaninovich, also husband and wife, filed their federal income tax returns on a cash basis for the taxable year 1973. Martin and Vincent Zaninovich are partners in a farming business in the San Joaquin Valley in California. The partnership used the cash basis method of accounting.

On October 3, 1973, the partnership entered into a lease of farm land for the period December 1, 1973 to November 30, 1993. Yearly rent of $27,000 for the period running from December 1 to November 30 was payable on December 20 of each lease year.[2] On December 20, 1973, the partnership paid $27,000 rent for the lease year running from December 1, 1973 to November 30, 1974. The partnership deducted this entire amount on its return for the taxable year 1973.

The Commissioner disallowed $24,934 of the $27,000 payment, reflecting that portion of the rental allocable to the period January 1 through November 30, 1974, and adjusted each partner's share of income accordingly. The Tax Court sustained the Commissioner's determination in *Zaninovich v. Commissioner*, 69 T.C. 605 (1978). We reverse the holding of the Tax Court.

The Tax Court held, largely on the basis of *University Properties, Inc. v. Commissioner*, 45 T.C. 416 (1966), *aff'd*, 378 F.2d 83 (9th Cir. 1967), that the partnership had to prorate the 1973 rental payment and therefore could deduct in 1973 only the portion of the rental attributable to that year, i. e., one-twelfth.[3] The court found the following language from *University Properties* controlling:

> Rentals may be deducted as such only for the year or years to which they are applied. If they are paid for the continued use of the property beyond the years in which paid they are not deductible in full in the year paid but must be deducted ratably over the years during which the property is so used.

*Id.* at 421.

The taxpayers here argued that the rule in *University Properties* was inapplicable to their case because the December, 1973 rental payment was allocable to a period of only twelve months. In response to this contention, the Tax Court admitted that many of the cases upon which it relied "involve[d] payments which were properly allocable over a period far in excess of 12 months." *Zaninovich v. Commissioner, supra*, 69 T.C. at 607. The court nonetheless found the taxpayers' attempt to distinguish those cases unpersuasive.

---

1. Rental payments are deductible, as a general rule, under 26 U.S.C. § 162, which provides in pertinent part as follows:

    (a) In General.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

    .    .    .    .    .

    (3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

2. As the Tax Court noted, leases of farmland for twelve-month periods with rent for the first twelve months payable during the first month of each such period are common in the San Joaquin Valley.

3. The Tax Court also relied on *Smith v. Commissioner*, 51 T.C. 429, 440 (1968). That case is inapposite because it concerned the question of whether an advance payment for the last year of a lease could be deducted in the year of payment.

We are persuaded that the cases requiring rental payments to be capitalized are distinguishable from the case before us, and that different treatment is warranted here.[4] The significance of the length of the period to which payments are allocable is apparent in Treas.Reg. 1.461–1(a)(1) and § 263 of the Internal Revenue Code. Treas.Reg. 1.461–1(a)(1) provides, as a general rule, that a cash basis taxpayer shall deduct expenses in the year of payment. It further provides, however, that where an expenditure results in the creation of an asset having a useful life extending "substantially beyond the close of the taxable year, such an expenditure may not be deductible, or may be deductible only in part, for the taxable year in which made." The "substantially beyond" limitation implements § 263 which disallows a deduction for capital expenditures. Expenditures falling into that category are generally defined in Treas.Reg. 1.263(a)–2(a) as assets having a "useful life substantially beyond the taxable year."

Because the classification of the 1973 rental payment as either a deductible expense in the taxable year 1973 or a capital expenditure depends on whether or not eleven months is "substantially beyond" the taxable year, it is significant that many of the cases requiring capitalization of rent related payments involve payments allocable to periods far in excess of eleven months beyond the year of payment. *See, e. g., Main & McKinney Bldg. Co. v. Commissioner*, 113 F.2d 81 (5th Cir.), *cert. denied*, 311 U.S. 688, 61 S.Ct. 66, 85 L.Ed. 444 (1940) (payments over 25 year period allocable to 99 year lease term); *University Properties, Inc. v. Commissioner, supra* (payments over three year period allocable to 35

year lease term); *Cartan v. Commissioner*, 30 T.C. 308 (1958) (payment in one year allocable to 20 year term). It is also significant that several of the cases treating payments as capital expenditures have involved not rental payments but rental premiums or payments made as consideration for the lease. *See, e. g., Main & McKinney Bldg. Co. v. Commissioner, supra* (payments in addition to rent of $10,000 a year for the first 25 years of a 99 year lease); *Baton Coal v. Commissioner*, 51 F.2d 469 (3d Cir.), *cert. denied*, 284 U.S. 674, 52 S.Ct. 129, 76 L.Ed. 570 (1931) (payments totalling $101,-250 in the first seven months of a mineral lease of indefinite duration); *University Properties, Inc., supra* (payments of $240,-000 in addition to rent in the first three years of a 35 year lease).

The cases involving substantially shorter terms in which taxpayers have been required to amortize have, unlike the case before us, involved advance payments, *see, e. g., Williamson v. Commissioner*, 37 T.C. 941 (1962) (payment on December 27, 1956 for a lease running for one year from March 1, 1957 where payment was not due until beginning of lease); *cf. D.K. McColl v. Commissioner*, ¶ 41,050 P–H Memo B.T.A. (Vol. 10, 1941) (deduction disallowed where rent paid on December 31 for following year because transaction was a sham but dicta indicated advance payment was deductible in year to which it applied), or accrual basis taxpayers, *see, e. g., Bloedel's Jewelry, Inc. v. Commissioner*, 2 B.T.A. 611 (1925) (payment in May, 1920 of rental due for a lease term running from September 1, 1920 to August 31, 1921).[5]

---

**4.** This conclusion is in no way based on the concession made to farmers for the current deduction of items such as feed and fertilizer which will not be used until a subsequent taxable period. *See* Treas.Reg. §§ 1.162–12 and 1.180–1. We agree with the Tax Court that this historical concession has its limits, and that rent payments are not within the class of expenditures that has been accorded this special treatment. *See Mann v. Commissioner*, 483 F.2d 673, 676 (8th Cir. 1973).

**5.** The accrual method of accounting, unlike the cash basis method, aims to allocate to the taxable year expenses attributable to income realized in that year. For this reason, it was appropriate for the lessee in *Bloedel's Jewelry, supra*, to prorate to the next year that portion of the rental payment which could be matched with income realized in the next year. Because the cash basis taxpayer is allowed to deduct items when paid, regardless of when related income is realized, there is no need for a prorated deduction here as a means of matching income and expenses.

We recognize that there are cases supporting the result urged here by the Commissioner. *See, e. g., Wood v. Commissioner,* ¶ 75,189 P–H Memo T.C. (Vol. 44, 1975) (payment on October 1, 1969 for lease term running from October 1, 1969 to December 31, 1970 had to be prorated between 1969 and 1970). Neither *Wood,* nor the Tax Court here, nor any of the prepaid rent cases cited by the Tax Court, however, discusses the qualification to the general rule for cash basis taxpayers for an expenditure that creates an asset having a useful life which extends "substantially beyond" the close of the taxable year. We feel that these provisions are controlling here, and adopt the "one-year rule" applied by several circuits in distinguishing between currently deductible expenses and capital expenditures having a useful life extending "substantially beyond" the taxable year. *See, e. g., Fall River Gas Appliance Co. v. Commissioner,* 349 F.2d 515 (1st Cir. 1965); *Briarcliff Candy Corp. v. Commissioner,* 475 F.2d 775 (2d Cir. 1973); *Jack's Cookie Co. v. United States,* 597 F.2d 395 (4th Cir.) *cert. denied,* —— U.S. ——, 100 S.Ct. 207, 62 L.Ed.2d 134 (1979); *Bilar Tool & Die Corp. v. Commissioner,* 530 F.2d 708 (6th Cir. 1976); *United States v. Akin,* 248 F.2d 742 (10th Cir. 1957), *cert. denied,* 355 U.S. 956, 78 S.Ct. 542, 2 L.Ed.2d 532 (1958).

Under the "one-year rule" an expenditure is treated as a capital expenditure if it creates an asset, or secures a like advantage to the taxpayer, having a useful life in excess of one year.[6] The rationale behind the rule is as follows:

> The one-year rule is useful because it serves to segregate from all business costs those which cannot possibly be considered capital in nature because of their transitory utility to the taxpayer.

*Jack's Cookie Co. v. United States, supra,* 597 F.2d at 405.

---

**6.** While the "one-year rule" is strictly applied to allow a full deduction in the year of payment where an expenditure creates an asset having a useful life beyond the taxable year of twelve months or less, it is not applied in the same manner in the other direction. Where an expenditure creates an asset having a useful life beyond the taxable year of more than twelve

None of the cases applying the "one-year rule" has involved land rentals. *See, e. g., Jack's Cookie Co. v. United States, supra* (portion of rental payments); *Bilar Tool & Die Corp. v. Commissioner, supra* (attorney's fees); *Colorado Springs Nat'l Bank v. United States,* 505 F.2d 1185 (10th Cir. 1974) (costs incurred in participation in credit card system); *Briarcliff Candy Corp. v. Commissioner, supra* (cost of acquiring business entity); *American Dispenser Co. v. Commissioner,* 396 F.2d 137 (2d Cir. 1968) (payment to competitor in exchange for covenant not to manufacture); *Fall River Gas Appliance Co. v. Commissioner, supra* (installation costs for leased gas appliances); *United States v. Akin, supra* (sums paid by farmers to ditch companies). *Cf. Waldheim Realty & Inv. Co. v. Commissioner,* 245 F.2d 823 (8th Cir. 1957) (insurance for one year period is deductible expense even though protection extends into subsequent year); *Bell v. Commissioner,* 13 T.C. 344 (1949) (payment for insurance for period from November, 1946 to August, 1947 is deductible in 1946); *Jephson v. Commissioner,* 37 B.T.A. 117 (1938) (payments in October and November, 1934 for two separate policies, each running one year from time of payment, are deductible in year of payment); *Kauai Terminal, Ltd. v. Commissioner,* 36 B.T.A. 893 (1937) (payment in July, 1933 for insurance covering July, 1933 to July, 1934 is deductible in 1933). Nonetheless, we see no reason why the rule should not apply to land rental cases. *See generally,* Martin, Jr., *Advance Payments of Rent for Less Than One-Year Periods: When Are They Deductible?,* 50 J. Taxation 360 (1979). The overriding advantage of the "one-year rule" is ease of application. Additionally, the rule eliminates pointless complexity in the calculation of the timing of deductions. This advantage is well illustrated by the instant case.

months, the "one-year rule" has been used as a guidepost only, and not as a rigid rule requiring automatic capitalization of every expenditure which creates an asset having a useful life in excess of one year. *See, e. g., Jack's Cookie Co. v. United States, supra,* 597 F.2d at 405; *United States v. Wehrli,* 400 F.2d 686, 689 (10th Cir. 1968).

If the taxpayers here are required to deduct their rental payments on a prorated basis, as the Commissioner urges, the simplicity of the cash basis method of accounting is sacrificed for an inconsequential change in the timing of deductions. Under the prorated deduction system, the taxpayers here could only deduct one-twelfth of their rental payment in 1973. In every year thereafter except for the last year of the lease, however, the taxpayers would be permitted to deduct one-twelfth for the current payment and eleven-twelfths for the preceding year's payment. Consequently, under the prorated system the taxpayers here would end up deducting an amount equal to twelve-twelfths of the amount of the yearly rental payment, precisely as they would have done under the general rule for cash basis taxpayers, in every year of the lease term except the first and last.

A further disadvantage of the rule urged by the Commissioner is that these cash basis taxpayers would be claiming a deduction in the last year of the lease for eleven-twelfths of the prior year's payment despite the fact that they have made no expenditure. A primary principle of the cash basis method is that a deduction is appropriate when an expenditure is made. The inconsistency of the result urged here with that principle is a strong reason, in and of itself, not to require prorated deductions in this case.

We are not persuaded that there are advantages to capital expenditure treatment in this case that would outweigh the disadvantages. The Commissioner argued that amortization was necessary so that the deduction might fairly reflect income.[7] There was, however, no contention or evidence at trial that there was either a distortion of income or an attempt by the taxpayers here to evade taxes in some way. Moreover, if

there was a distortion of income in every situation in which an accounting method did not precisely match items of expense and income, the cash basis method would not be a permissible method of accounting, as a certain degree of imprecision is built into the method. *See Osterloh v. Lucas,* 37 F.2d 277, 278 (9th Cir. 1930).

For the foregoing reasons, we apply the "one-year rule" in this case and hold that the December, 1973 payment was fully deductible in the year of payment.

REVERSED.

---

7. Section 446 and Treas.Reg. 1.446–1 require a taxpayer to adopt a method of accounting that "clearly reflects income." The Commissioner has broad discretion under § 446 to modify a taxpayer's accounting method to avoid gross distortions and to insure a clear reflection of income. *Cole v. Commissioner,* 586 F.2d 747 (9th Cir. 1978), *cert. denied,* 441 U.S. 924, 99 S.Ct. 2034, 60 L.Ed.2d 398 (1979); *Sandor v.*

*Commissioner,* 536 F.2d 874 (9th Cir. 1976). An action taken by the Commissioner under § 446 will be set aside by the courts only if there is a clear abuse of discretion. *Cole v. Commissioner, supra.* Because the Commissioner did not act pursuant to § 446 in this case, our review is not limited to a determination regarding abuse of discretion.