113 T.C. No. 23

UNITED STATES TAX COURT

USFREIGHTWAYS CORPORATION, f.k.a. TNT FREIGHTWAYS CORPORATION
AND SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 459-98.                    Filed November 2, 1999.

P, an accrual method taxpayer, made expenditures during the 1993 taxable year for licenses and insurance which had an effective period extending into 1994. For purposes of book accounting and financial reporting, P ratably allocated these costs over the periods to which they related. For tax accounting purposes, however, P currently deducted all license and insurance expenses in the year of payment. <u>Held</u>: On the facts, P, as a taxpayer utilizing the accrual method, is not entitled to currently deduct costs benefiting future tax periods in the year of payment. R's determination of a deficiency is sustained.

<u>Rex A. Guest</u> and <u>Melvin L. Katten</u>, for petitioner.

<u>Joseph P. Grant</u> and <u>Robin L. Herrell</u>, for respondent.

OPINION

NIMS, Judge: Respondent determined a Federal income tax deficiency for petitioner's 1993 taxable year in the amount of $1,712,070. After concessions, the issue for decision is whether petitioner, an accrual method taxpayer, may deduct costs expended for licenses, permits, fees, and insurance in the year paid rather than amortizing such costs over the taxable years to which they relate.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case was submitted fully stipulated, and the facts are so found. The stipulations filed by the parties, with accompanying exhibits, are incorporated herein by this reference.

Background

USFreightways Corporation is, and was at the time of filing the petition in this case, a Delaware corporation with a principal place of business in Rosemont, Illinois. USFreightways and its subsidiaries (hereinafter collectively petitioner) are engaged in the business of transporting freight for hire by trucks throughout the continental United States.

Incident to its trucking business, petitioner is required by State and local government authorities to make expenditures for

various licenses, permits, and fees (hereinafter collectively licenses) before its trucks may be legally operated in the issuing jurisdictions. The licenses are then effective for specified periods of time. In 1993, petitioner paid $4,308,460 for such licenses. None of these licenses had an effective period in excess of 1 year, but the expiration date for some fell within the 1994, rather than the 1993, taxable year.

Similarly, petitioner also purchased liability and property insurance coverage which extended into future tax years. In 1993, petitioner paid premiums of $1,090,602 for policies covering the 1-year period from July 1, 1993, to June 30, 1994.

For purposes of Federal income taxes, book accounting, and financial reporting, petitioner generally employs the accrual method and a 52/53 week fiscal year. Petitioner's 1993 fiscal year ended on January 1, 1994.[1] In compiling its financial books and records for 1993, petitioner expensed the amounts paid in 1993 for licenses and insurance ratably over the 1993 and 1994 years. The license costs were allocated $1,869,564 to 1993 and $2,438,896 to 1994. The insurance premiums were likewise

---

[1] The deficiency notice determined a deficiency for "Tax Year Ended" December 31, 1993, and the parties accept this approach. Consequently, we proceed upon the postulation that petitioner reported on a calendar year basis.

allocated $545,301 to 1993 and $545,301 to 1994.  Amounts not expensed in 1993 were reflected as prepayments on petitioner's balance sheet.

In preparing its income tax returns, however, petitioner deducted the full amount expended for licenses and insurance in the year of payment.  Thus, in 1993, deductions of $4,308,460 and $1,090,602 were taken for licenses and insurance, respectively.

## Discussion

We must decide whether petitioner, as an accrual basis taxpayer, may deduct expenditures for licenses, permits, fees, and insurance in the year paid or whether deductions for such costs must be spread ratably over the taxable years to which they pertain.

Petitioner contends that, because the benefit of the subject licenses and insurance extends less than 1 year into the following tax period, the costs do not relate to property having a useful life substantially beyond the taxable year.  Hence, petitioner argues that the costs do not require capitalization under section 263 and may be currently deducted as a business expense under section 162.  Further, petitioner asserts that, although the costs are expensed ratably over 2 years for purposes of financial records and deducted currently, in 1 year, for tax purposes, the method of tax accounting used clearly reflects petitioner's income within the meaning of section 446.

Thus, any attempt by respondent to require a change in this tax accounting method constitutes, in petitioner's view, an abuse of discretion.

Conversely, respondent contends that, since a greater percentage of the costs at issue is allocable to 1994 than to 1993, the expenditures for licenses and insurance do result in benefits to petitioner extending substantially beyond the taxable year. Therefore, respondent asserts that the costs must be capitalized and amortized. In addition, respondent argues that the distortion in taxable income caused by petitioner's method of tax accounting is sufficiently material to require a change in methods in order to clearly reflect income.

We agree with respondent that petitioner, as an accrual method taxpayer, is entitled to deduct expenses which are more than incidental and allocable to future tax years only in the taxable periods to which they relate.

General Rules

As a threshold premise, section 446(a) states the general rule: "Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books." The corollary to this rule, with respect to the timing of deductions, is set forth in section 461(a) and reads: "The amount of any deduction or credit allowed by this subtitle shall be taken for the taxable year which is the

proper taxable year under the method of accounting used in computing taxable income."  Hence, petitioner here, as an accrual basis taxpayer deducting expenses under the cash or payment method, is indisputably in contravention of these general rules. However, income tax regulations implicitly and courts explicitly recognize that the section 446(a) requirement of conformity between financial and tax accounting is not absolute.  Section 1.446-1(a)(4), Income Tax Regs., implies that deviation may be permitted by mentioning the need for records to reconcile differences between books and tax returns.  Courts expressly sanction variations between financial and tax reporting but will do so only if two criteria are satisfied: (1) Other Code requirements, such as the deduction and capitalization rules of sections 162 and 263, must be met, and (2) the method of accounting must clearly reflect taxable income.  See, e.g., Hotel Kingkade v. Commissioner, 180 F.2d 310, 312-313 (10th Cir. 1950), affg. 12 T.C. 561 (1949); Coors v. Commissioner, 60 T.C. 368, 392-398 (1973), affd. 519 F.2d 1280 (10th Cir. 1975); Fidelity Associates, Inc. v. Commissioner, T.C. Memo. 1992-142.

Deduction and Capitalization Rules

On one hand, section 162(a) provides in relevant part: "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Income tax regulations

interpreting the section further specify that vehicle operating costs and insurance premiums are among the items that may qualify as ordinary business expenses.  Sec. 1.162-1(a), Income Tax Regs.

On the other hand, section 263(a), entitled Capital Expenditures, mandates: "No deduction shall be allowed for--(1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate."  Regulations then offer the following explanatory examples: "The cost of acquisition, construction, or erection of buildings, machinery and equipment, furniture and fixtures, and similar property having a useful life substantially beyond the taxable year."  Sec. 1.263(a)-2(a), Income Tax Regs.

The significance of classifying any given expense as either ordinary or capital lies in the contrasting tax treatments mandated by the label affixed.  As expounded in a recent Supreme Court analysis of the two sections, "The primary effect of characterizing a payment as either a business expense or a capital expenditure concerns the timing of the taxpayer's cost recovery: While business expenses are currently deductible, a capital expenditure usually is amortized and depreciated over the life of the relevant asset".  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 83-84 (1992).  The purpose of the sections is "to match expenses with the revenues of the taxable period to which they are properly attributable, thereby resulting in a more accurate

calculation of net income for tax purposes." Id. at 84.
Furthermore, because deductions are matters of "legislative
grace", "the burden of clearly showing the right to the claimed
deduction is on the taxpayer." Id. (quoting Interstate Transit
Lines v. Commissioner, 319 U.S. 590, 593 (1943)).

In distinguishing between capital and ordinary costs, the
predominant factor for consideration is whether the payment
creates a future benefit that is more than incidental:

> Although the mere presence of an incidental future
> benefit—"some future aspect"–may not warrant
> capitalization, a taxpayer's realization of benefits
> beyond the year in which the expenditure is incurred is
> undeniably important in determining whether the
> appropriate tax treatment is immediate deduction or
> capitalization. [Id. at 87.]

The creation or enhancement of a separate and distinct asset is
unnecessary. See id. An additional factor weighing in favor of
capital treatment arises where "the purpose for which the
expenditure is made has to do with the corporation's operations
and betterment, sometimes with a continuing capital asset, for
the duration of its existence or for the indefinite future or for
a time somewhat longer than the current taxable year." Id. at 90
(quoting General Bancshares Corp. v. Commissioner, 326 F.2d 712,
715 (8th Cir. 1964)).

Thus, income tax regulations and the Supreme Court both point to duration of the resultant benefit beyond the current taxable year as a critical feature for distinguishing between capital and ordinary.

Petitioner focuses on the "substantially beyond" terminology in the regulations and argues that this test for capitalization should be interpreted to mean "more than 1 year beyond the taxable year". Current deduction should therefore be allowed where the benefit of an expenditure extends less than 12 months into the subsequent tax period. This position, however, has at least two significant shortcomings.

First, the cases cited by petitioner fail to support any widespread existence of the rule for which petitioner contends. As correctly noted by respondent, a significant number of the cases cited simply hold that expenditures creating a benefit with a duration in excess of 1 year must be capitalized. See, e.g., Jack's Cookie Co. v. United States, 597 F.2d 395 (4th Cir. 1979); Bilar Tool & Die Corp. v. Commissioner, 530 F.2d 708 (6th Cir. 1976), revg. 62 T.C. 213 (1974); Clark Oil & Refining Corp. v. United States, 473 F.2d 1217 (7th Cir. 1973); American Dispenser Co. v. Commissioner, 396 F.2d 137 (2d Cir. 1968), affg. T.C. Memo. 1967-153; Fall River Gas Appliance Co. v. Commissioner, 349 F.2d 515 (1st Cir. 1965), affg. 42 T.C. 850 (1964); United States v. Akin, 248 F.2d 742 (10th Cir. 1957); Hotel Kingkade v.

<u>Commissioner</u>, 180 F.2d 310 (10th Cir. 1950). They do not specifically address the proper treatment for assets with a useful life of less than 1 year, but the benefits of which extend beyond the years in which the related costs are incurred. See <u>id.</u>

Moreover, language used in several of these cited cases to explain the 1-year rule is contrary to petitioner's position. For example, in <u>Jack's Cookie Co. v. United States</u>, <u>supra</u> at 402, the court stated that the 1-year rule "treats an item as either a business expense, fully deductible in the year paid, or a capital expenditure, which is not, depending upon whether it secures for the taxpayer a business advantage which will be exhausted completely within the tax year." Similarly, the court in <u>American Dispenser Co. v. Commissioner</u>, <u>supra</u> at 138 (quoting <u>Sears Oil Co. v. Commissioner</u>, 359 F.2d 191, 197 (2d Cir. 1966)), specified: "The test for whether an item should be treated as a current expense or as a capital expenditure is whether the utility of the expenditure survives the accounting period."

Hence, the focus of the above quotations rests upon whether the life of the contested benefit exceeds the tax year in which it is incurred, not whether it endures beyond one 12-month period. In other cases, again as noted by respondent, no indication is given as to the intended meaning of the 1-year terminology employed. See, e.g., <u>Bilar Tool & Die Corp v.</u>

Commissioner, supra; Clark Oil & Refining Corp. v. United States, supra; Fall River Gas Appliance Co. v. Commissioner, supra; United States v. Akin, supra; Hotel Kingkade v. Commissioner, supra. Thus, widespread support for a rule which would permit near-automatic deduction for costs related to benefits lasting less than one 12-month period is lacking.

A second, more fundamental problem with petitioner's argument is that even if such a 1-year rule were widely recognized, it would be inapplicable to an accrual method taxpayer. Case law requires that a distinction be drawn between accrual and cash basis taxpayers in situations analogous to that of petitioner. For instance, even in Zaninovich v. Commissioner, 616 F.2d 429, 431-432 & nn.5-6 (9th Cir. 1980), revg. 69 T.C. 605 (1978), upon which petitioner relies as creating a rule "[allowing] a full deduction in the year of payment where an expenditure creates an asset having a useful life beyond the taxable year of twelve months or less," the Court of Appeals for the Ninth Circuit expressly approved the opposite result reached in Bloedel's Jewelry, Inc. v. Commissioner, 2 B.T.A. 611 (1925), on the grounds that the case involved an accrual basis taxpayer. The issue in Bloedel's Jewelry was the treatment of a payment made in 1920 for a lease term running from September 1920 through August 1921, and the Court of Appeals in Zaninovich v.

Commissioner, 616 F.2d at 431 n.5, responded to the disallowance

of a current deduction for this lease as follows:

> The accrual method of accounting, unlike the cash basis method, aims to allocate to the taxable year expenses attributable to income realized in that year.  For this reason, it was appropriate for the lessee in Bloedel's Jewelry, supra, to prorate to the next year that portion of the rental payment which could be matched with income realized in the next year.

A similar distinction between accrual and cash basis

taxpayers also arises in cases dealing specifically with the

deductibility of insurance expenses.  Cash basis taxpayers

typically have been obligated to capitalize payments for

insurance with terms in excess of 1 year but, with respect to

insurance covering 1 year or less, have been permitted full

deduction in the year of payment.  See, e.g., Commissioner v.

Boylston Market Association, 131 F.2d 966 (1st Cir. 1942), affg.

B.T.A. Memorandum Opinion dated Nov. 6, 1941; Bell v.

Commissioner, 13 T.C. 344 (1949); Peters v. Commissioner, 4 T.C.

1236 (1945); Jephson v. Commissioner, 37 B.T.A. 1117 (1938);

Kauai Terminal, Ltd. v. Commissioner, 36 B.T.A. 893 (1937).  In

contrast, where the taxpayer utilizes the accrual method,

proration of premium expenses has been required, and no

distinction based upon policy length has been articulated.  See,

e.g., Johnson v. Commissioner, 108 T.C. 448 (1997), affd. in part

and revd. in part on other grounds 184 F.3d 786 (8th Cir. 1999);
Higginbotham-Bailey-Logan Co. v. Commissioner, 8 B.T.A. 566
(1927).

For instance, in Johnson v. Commissioner, supra, a taxpayer
employing the accrual method purchased insurance policies
covering periods of 1 to 7 years.  Given this scenario, the Court
made no attempt to ascertain which of the policies, such as those
covering only 1 year, would expire within the following taxable
year.  Instead, the Court ruled that "to the extent that part of
any Premium was allocable to coverage for subsequent years, it
must be capitalized and amortized by deductions in those years."
Id. at 488.  Likewise, in Higginbotham-Bailey-Logan Co. v.
Commissioner, supra, the Court disallowed a deduction for prepaid
insurance taken by an accrual basis taxpayer without inquiring
into whether the policy might terminate within the next year.
The Court resolved the issue by stating: "The adjustment made by
the Commissioner appears to be in accordance with the method of
accounting employed by the petitioner and appears further to be
such that petitioner's net income is more nearly correctly
reflected than on the basis used in the return."  Id. at 577.
Hence, beginning as early as 1927 and followed as recently as
1997, reported cases have indicated that an accrual basis

taxpayer must prorate insurance expenses, and no taxpayer utilizing such a method has been afforded the treatment that petitioner here requests.

As a result, consistency with case law negates the possibility of a 1-year rule with respect to the accrual basis taxpayer. It follows that petitioner's deductions were improper under the rules governing deductions and capitalization.

Clear Reflection of Income Rules

Section 446(b) provides: "If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income." However, petitioner acknowledges on brief that "The capitalization rules stand on their own as does the clear reflection of income provision of I.R.C. section 446(b)." Hence, because petitioner's treatment of license and insurance costs violated sections 162 and 263, we need not reach the issue of whether petitioner's method of tax accounting also failed to clearly reflect income. The related evidentiary objection raised by petitioner, contesting the admissibility of financial data for years subsequent to 1993, is likewise rendered moot. The challenged figures were offered only on the question of clear reflection. Although petitioner asserts that respondent abused his discretion in changing an accounting

method authorized by the Code and consistently applied, petitioner does not argue that a method contrary to law is nonetheless acceptable so long as it has been consistently applied.

We therefore hold that petitioner is not entitled to currently deduct license and insurance expenses allocable to the following taxable year.  Respondent's determination of a deficiency with respect to petitioner's 1993 taxable year is sustained.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.