**Lowell E. NELSON and Jacqueline N. Nelson, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee. (Two Cases)**

No. 85–2172.

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1986.

Decided June 5, 1986.

Rehearing Denied July 3, 1986.

Mark Arth, St. Paul, Minn., for appellants.

Steven W. Parks, Washington, D.C., for appellee.

Before LAY, Chief Judge, ROSENN,* Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Lowell E. Nelson and Jacqueline N. Nelson appeal from final decisions entered in the United States Tax Court[1] holding that they were not entitled to an investment tax credit for a machining center. *Nelson v. Commissioner,* Nos. 15818–83, 15819–83, slip op. at 10 (T.C. June 18, 1985). For reversal appellants argue that the tax court improperly disregarded appellants' cash basis method of accounting and the "one-year rule," citing *Zaninovich v. Commissioner,* 616 F.2d 429 (9th Cir.1980). We affirm.

The facts are not disputed. In 1979 appellant Lowell E. Nelson acquired a Matsu-

---

* The Honorable Max Rosenn, United States Senior Circuit Judge for the Third Circuit, sitting by special designation.

1. The Honorable William M. Fay, United States Tax Court.

ura Machining Center from National Tool Leasing, Inc. Appellants' basis in the machining center was $93,533.50. In July 1979 appellants leased the machining center to Heartland Industries, Inc. (Heartland), under a 24 month equipment lease for $2,600 per month. Under the original terms of the lease, Heartland was responsible for the costs of repairs during the term of the lease. However, pursuant to an addendum executed the same day as the lease, appellants agreed to pay Heartland $4,000 as consideration for Heartland's acceptance of responsibility for possible repairs during the term of the lease. Appellants paid Heartland $4,000 in May 1980.

On their joint 1979 federal income tax return appellants claimed an investment tax credit of $9,353 for the machining center and applied $896 of the investment tax credit to the 1979 return. Appellants then carried back the remainder of the investment tax credit and applied it to earlier tax years (in 1976, $3,087; in 1977, $4,165; in 1978, $1,205). The Internal Revenue Service subsequently determined that appellants were not entitled to an investment tax credit for the machining center and issued notices of deficiency for tax years 1976–1979.

The sole issue before the tax court was whether appellants were entitled to an investment tax credit for the machining center. As non-corporate lessors of property which they did not manufacture or produce, appellants could claim an investment tax credit in the machining center only if they satisfied the provisions of 26 U.S.C. § 46(e)(3)(B).[2] The first part of § 46(e)(3)(B) was met: the term of the lease was 24 months, less than 50 percent of the machining center's stipulated useful life of 84 months. However, in order to satisfy the second part of § 46(e)(3)(B), for the period consisting of the first 12 months after the date on which the machining center was transferred to Heartland, the sum of the deductions with respect to the machining center which were allowable to appellants as lessors solely by reason of 26 U.S.C. § 162 had to exceed 15 percent of the rental income produced by the machining center.

Appellants argued that the $4,000 payment for repairs was an ordinary and necessary business expense. The tax court disagreed and held that the $4,000 payment was a capital expenditure and not an ordinary and necessary business expense deductible under 26 U.S.C. § 162. Without the $4,000 payment, appellants' deductions with respect to the machining center did not exceed 15 percent of the rental income. The tax court held that appellants did not satisfy the requirements of 26 U.S.C. § 46(e)(3)(B) and thus were not entitled to an investment tax credit.

We have carefully reviewed the tax court's memorandum opinion and the record and hold that the tax court's characterization of the $4,000 payment as a capital expenditure was correct. Slip op. at 7–10. Appellants' arguments are without merit. Accordingly, the decision of the tax court is affirmed. *See* 8th Cir. R. 14.

---

**2.** 26 U.S.C. § 46(e)(3) provides in part:

(3) **Noncorporate lessors.**—A credit shall be allowed by section 38 to a person which is not a corporation with respect to property of which such person is the lessor only if—

(A) the property subject to the lease has been manufactured or produced by the lessor, or

(B) the term of the lease (taking into account options to renew) is less than 50 percent of the useful life of the property, and for the period consisting of the first 12 months after the date on which the property is transferred to the lessee the sum of the deductions with respect to such property which are allowable to the lessor solely by reason of section 162 (other than rents and reimbursed amounts with respect to such property) exceeds 15 percent of the rental income produced by such property.